**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**ROBERTO CIAPRAZI,**

                              **Plaintiff,**

                 v.                                    Civil No. 9:02-CV-00915
                                                       (GLS/DEP)

**GLENN S. GOORD; et al.**

                              **Defendants.**

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**

ROBERTO CIAPRAZI
Plaintiff *Pro Se*, 01-A-464
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12953

**FOR THE DEFENDANTS:**

**HON. ELIOT SPITZER**                        **PATRICK F. MACRAE**
Attorney General, State of New York           Assistant Attorney General
The Capitol
Albany, New York 13204-2455

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Roberto Ciaprazi brings this action pursuant to 42 U.S.C. § 1983. Ciaprazi alleges that the defendants violated his First, Eighth, and Fourteenth Amendment rights. Pending are Ciaprazi's objections to Magistrate Judge David E. Peebles' Report-Recommendation. Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

### II. Procedural History

Ciaprazi commenced this action on July 15, 2002. *Dkt. No. 1*. On February 27, 2003, the defendants moved for summary judgment. *Dkt. No. 39*. On March 14, 2004, Judge Peebles issued a Report-Recommendation which recommended that the defendants' motion for summary judgment be granted in part, and denied in part. *Dkt. No. 47*. Ciaprazi objected. *Dkt. No. 48*. His objections are now before this court.

---

[1] The Clerk is hereby directed to attach the Report-Recommendation to constitute a complete record of the court's decision in this matter.

### III.  Discussion[2]

### A. Standard of Review

When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1).  After such a review, the court may "accept, reject, or modify, in whole or in part, the findings or the recommendations made by the magistrate judge." *Id*.  Having reviewed the unobjected to portions of the Report-Recommendation, the court adopts them in their entirety because they are not clearly erroneous.

### B. Report-Recommendation

Although Judge Peebles examined the merits of the case and found that many of Ciaprazi's claims were meritless, this court only conducts *de novo* review of the objected to portions of the Report-Recommendation. Specifically, Judge Peebles found no evidence tending to establish that the adverse actions taken against Ciaprazi were motivated by disciplinary animus, and thereby recommended dismissing Ciaprazi's First Amendment

---

[2]The court adopts the factual summary in Magistrate Judge Peebles' Report-Recommendation and assumes familiarity with the facts alleged in Ciaprazi's Complaint. *Dkt. Nos. 47,1*.

3

retaliation claim. *Report and Recommendation, pp. 13-23, 45, Dkt. No. 47.* He further found that Ciaprazi lacked standing to bring a cause of action challenging the Tier III disciplinary system under the Eighth Amendment. *Id. at 27.* Lastly, Judge Peebles dismissed both of Ciaprazi's claims under international law and his personal involvement claim against defendant Goord. *Id. at 41, 43-4.*[3]

## C. Objections

### 1. First Amendment Claim

First, Ciaprazi contends that his retaliation claim under the First Amendment should not have been dismissed because the defendants did not satisfy their initial evidentiary burden. *Pl. Objs. pp. 1-7, Dkt. No. 48.* Specifically, he argues that Judge Peebles did not properly consider the falsity of a misbehavior report as evidence of retaliation by the defendants.

The court rejects Ciaprazi's argument because as Judge Peebles noted, a prisoner does not have a right to be free from false misbehavior

---

[3] Ciaprazi also makes several procedural objections. For instance, he asserts that defendants' motion is procedurally defective since none of the moving papers are signed, as required by FRCP 11. Second, Ciaprazi objects to the defendants' alteration of the case caption. Third, Ciaprazi objects to the defendants' use of a name that did not appear in the original complaint. These arguments are without merit and this court adopts Judge Peebles articulated reasons for their denial. *See Report Recommendation p. 10-11 n. 5, Dkt. No. 47.*

4

reports. *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986). As Judge Peebles further noted, the defendants have shown sufficient evidence to establish that there is no specific link between Ciaprazi's grievances and the defendants' actions. Accordingly, Ciaprazi's retaliation claim is dismissed.

### 2. Eighth Amendment

Next, Ciaprazi objects to Judge Peebles' finding that he did not have standing to challenge the disciplinary authority of the Tier III system. *Pl. Objs. p. 7, Dkt. No. 48.* This objection is without merit. As Judge Peebles noted, since the length of Ciaprazi's disciplinary confinement was within the bounds of constitutionally acceptable levels, he has no standing to sue. Second, as Judge Peebles further noted, any generalized complaints Ciaprazi has against the Tier III system are more appropriately addressed as part of his due process claims. Accordingly, Ciaprazi's claims against the Tier III system are dismissed.

### 3. Human Rights Claims

Ciaprazi also objects to Judge Peebles' finding that he did not have claims under the Universal Declaration of Human Rights (UDHR) and the

5

International Covenant on Civil and Political Rights (ICCPR).  Ciaprazi's contention is without merit.  As Judge Peebles noted, Ciaprazi has failed to establish that these treaties provide private causes of action.  *See Report Recommendation p. 41, Dkt. No. 47.*  Accordingly, Ciaprazi's claims under international law are dismissed.

### 4.  Personal Involvement

Ciaprazi also objects to Judge Peebles' dismissal of his personal involvement claim against defendant Goord.  As Judge Peebles noted, Ciaprazi merely made allegations against Goord in his supervisory capacity.  Accordingly, the personal involvement claim against Goord was properly dismissed.

### IV.  Conclusion

Having reviewed the objected-to portions of the Report and Recommendation *de novo*, the remainder under a clearly erroneous standard, and Ciaprazi's objections, this court accepts and adopts the recommendation of Judge Peebles for the reasons stated in the March 14, 2004 Report-Recommendation.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' summary judgment motion (Dkt. No. 39) be **GRANTED** in part, and that all of plaintiff's claims against defendant Goord, and all of plaintiff's claims against the remaining defendants except his procedural due process and Eighth Amendment conditions of confinement causes of action, be **DISMISSED**, but that to the extent of those claims, with respect to which triable issues of fact exist, the defendants' motion be **DENIED**.

**IT IS SO ORDERED.**

December 22, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge

7